Lana **ABU–SAHYUN, By and Through Feryal ABU–SAHYUN, her guardian Ad Litem; Feryal Abu–Sahyun, Guardian Ad Litem, Plaintiffs–Appellants,**

v.

**PALO ALTO UNIFIED SCHOOL DISTRICT, Santa Clara County Office of Education; William Honig, individually and as State Superintendent of Public Instruction, California State Department of Education; California State Department of Education, Defendants–Appellees.**

No. 87–1920.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1988.

Decided April 8, 1988.

Arlene B. Mayerson, Disability Rights Educ. & Defense, Fund, Inc., Berkeley, Cal., Jonathan C. Dickey. Brobeck, Phleger & Harrison, Palo Alto, Cal., for plaintiffs-appellants.

Diana K. Smith and Bridget A. Flanagan, Breon, Galagani, Godino & O'Donnell, San Rafael, Cal., Thomas M. Griffin, Girard & Griffin, Sacramento, Cal. for defendants-appellees.

Before FARRIS, BRUNETTI and THOMPSON, Circuit Judges.

FARRIS, Circuit Judge:

## BACKGROUND

Lana Abu–Sahyun is a severely handicapped student in the Palo Alto Unified School District. In 1985, the District decided to transfer Abu–Sahyun to a school better suited to her needs. After a hearing officer upheld the District's decision, Abu–Sahyun filed suit in the district court on June 13, 1986, seeking declaratory and injunctive relief under the Education of the Handicapped Act, 20 U.S.C. 1401 *et seq.* (1982). On June 19th, the parties settled the case. The District agreed not to transfer Abu–Sahyun to a different school, and to create a special day class for her at her current school. The settlement did not mention attorneys' fees; the parties did not discuss them; and, at the time of the settlement, the Act under which Abu–Sahyun sued had been interpreted as not allowing attorneys' fees to prevailing parties. *Smith v. Robinson*, 468 U.S. 992, 1020–21, 104 S.Ct. 3457, 3473, 82 L.Ed.2d 746 (1984).

On August 5, 1986, Congress enacted the Handicapped Children's Protection Act,

which legislatively overruled *Smith v. Robinson.* *See* Pub.L.No. 99–372, § 2, 100 Stat. 796 (1986) (codified at 20 U.S.C. § 1415(e)(4)(B) (West Supp.1987)) *and* S.Rep. No. 99–112, 99th Cong., 2d Sess. 2, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1799. Section 2 provides that "the court, in its discretion, may award reasonable attorneys' fees ... to the parents or guardian of a handicapped child or youth who is the prevailing party." Section 5 provides that section 2 applies retroactively to any action or proceeding brought after July 3, 1984, the date of the *Smith v. Robinson* decision.

Because Abu–Sahyun initially sought relief at the administrative level after the *Robinson* decision, Abu–Sahyun petitioned the district court for fees. The district court found that Abu–Sahyun was a prevailing party, but held that granting fees to her would be unjust under the "special circumstances" present in the case. We remand for further consideration.

## STANDARD OF REVIEW

█ Although section 2 grants the district court discretion to award fees, Congress intended section 2 to be interpreted consistent with fee provisions under 42 U.S.C. § 1988 and Title VII of the Civil Rights Act of 1964. *See* S.Rep. No. 99–112, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1803–05. Under these latter provisions, the district court's discretion to deny a fee award to a prevailing plaintiff "has been interpreted very narrowly." *Ackerley Communications, Inc. v. City of Salem,* 752 F.2d 1394, 1396 (9th Cir.) (42 U.S.C. § 1988), *cert. denied sub nom. County of Multnomah v. Ackerley Communications, Inc.,* 472 U.S. 1028, 105 S.Ct. 3503, 87 L.Ed.2d 634 (1985). A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Planned Parenthood v. Arizona,* 789 F.2d 1348, 1354 (9th Cir.1986) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983)); *see also New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 68, 100 S.Ct. 2024, 2033, 64 L.Ed.2d

723 (1980). Thus, in order to assure that section 2 is interpreted consistent with the fee provisions under 42 U.S.C. § 1988 and Title VII, we review the district court's denial of fees for abuse of discretion, recognizing that the district court's discretion to deny fees is narrow.

## DISCUSSION

█ The district court held that granting attorneys' fees to Abu–Sahyun would be unjust under the "special circumstances" of the case. When the parties settled, the court noted that Abu–Sahyun had no right to receive fees, and that the School District had no expectation of paying fees and might not have entered the settlement had it known it could be liable for fees.

These reasons fail to justify the denial of attorneys' fees. Every defendant who settled a case after the *Robinson* decision but before the enactment of the Handicapped Children's Protection Act can make identical allegations. The effect of accepting them would be to defeat the retroactive provision of the statute.

Congress made section 2 retroactive to ensure that

> actions and proceedings successfully resolved in the period between the Court's decision [in *Smith v. Robinson*] and enactment of this legislation will not arbitrarily be treated differently from those resolved prior to the decision or subsequent to the legislation. This provision clarifies, as part of our rejection of the Court's decision in Smith versus Robinson, the availability of these rights prior to that decision.

132 Cong.Rec. S 9279 (July 17, 1986) (Remarks of Sen. Simon); *see also* 132 Cong. Rec. H 4843 (July 24, 1986) (Remarks of Rep. Biaggi) (same).

A necessary evil in retroactively applying section 2 is the upsetting of settled expectations. If "special circumstances" could be found on this basis alone, Congress' intention of removing the effects of the *Robinson* decision could be circumvented in every action or proceeding brought after *Robinson* but before enactment of the Handicapped Children's Protection Act.

This does not mean that a court, in its discretion, cannot deny fees in a case to which the Act applies retroactively. It means only that the unfairness of retroactivity itself cannot justify the denial of fees. In denying fees on this basis alone, the district court abused its discretion.

Whether or not "special circumstances" exist involves an examination of two factors: (1) whether awarding fees would further the congressional purpose in enacting the Education of the Handicapped Act, and (2) the balance of the equities. *See Seattle School District v. State of Washington*, 633 F.2d 1338, 1348 (9th Cir. 1980), *aff'd*, 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed.2d 896 (1982); *Aho v. Clark*, 608 F.2d 365, 367 (9th Cir.1979). Because the district court did not examine the appropriate factors, we remand for reconsideration of the question of "special circumstances." Each party shall pay its own costs.

REMANDED.